# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

v.    No. 1:16-cr-4008-JCH-1

PAUL M. WOOLWEBER,

    Defendant.

## MEMORANDUM OPINION AND ORDER IMPOSING MONETARY PENALTY ON ATTORNEY DANIEL M. SALAZAR

**THIS MATTER** is before the Court following a hearing held on July 3, 2018 at which Defendant's attorney, Daniel M. Salazar, was ordered to show cause for why he should not be sanctioned for his failure to appear at a Call of the Calendar on June 28, 2018. At the hearing, the Court orally imposed a $600 monetary penalty on Mr. Salazar. This Order constitutes the Court's written findings of facts and conclusions of law.

**I.    STANDARD**

Federal courts have the inherent authority to control admission to their bars and to discipline attorneys who appear before them. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, (1991) (noting that inherent district court powers include authority to "control admission to its bar and to discipline attorneys who appear before it") (citing *Ex parte Burr,* 22 U.S. (9 Wheat.) 529, 531, 6 L.Ed. 152 (1824)). "Article III courts were imbued with an array of 'inherent powers' in performing their case-management function from the moment of their establishment, powers never specifically enumerated in the Constitution or in legislative enactments, yet necessary to the exercise of all other[ ] [enumerated judicial powers]." *United States v. Kouri-Perez*, 187 F.3d 1, 7 (1st Cir. 1999) (citing *United States v. Hudson,* 11 U.S. (7 Cranch) 32, 34, 3

L.Ed. 259 (1812)). "These implicit powers include the judicial authority to sanction counsel for litigation abuses which threaten to impugn the district court's integrity or disrupt its efficient management of the proceedings." *Kouri-Perez*, 187 F.3d at 1 (citing *Chambers*, 501 U.S. at 43).

In particular, courts may impose both monetary penalties and – more drastic – disbarment without a finding of contempt as part of this inherent power. *See e.g. Ex parte Robinson,* 86 U.S. (19 Wall.) 505, 512, 22 L.Ed. 205 (1873) (disbarment); *United States v. Romero–Lopez,* 661 F.3d 106, 107–08 (1st Cir.2011) (monetary penalties). Consequently, a court may punish an attorney's failure to appear as part of a court's inherent power to discipline attorneys appearing before it. In considering what discipline to impose on an attorney, district courts have "an array of options," *Kouri-Perez*, 757 F.2d at 8, and "flexibility to equitably tailor punishments that appropriately fit the conduct." *In re Smothers*, 322 F.3d 438, 442 (6th Cir. 2003). Generally speaking, district courts should "deploy[] the least extreme sanction reasonably calculated to achieve the appropriate punitive and deterrent purposes." *Kouri-Perez*, 187 F.3d at 8.

## II.  DISCUSSION

Mr. Salazar entered this case as retained counsel for Defendant on July 26, 2017. Since Mr. Salazar's appearance in the case, Mr. Salazar's litigation activity has been remarkable for what he has not done rather than what he has done. For example, aside from a motion to modify his client's conditions of release, the only motions Mr. Salazar has filed have been motions to continue trial – and at least one of those motions was filed late. Nevertheless, the Court has granted all five motions to continue, and has held two Calls of the Calendar in this case. Mr. Salazar failed to appear at each. On August 17, 2017, for instance, the Court set a Call of Calendar on October 12, 2017. Mr. Salazar failed to appear at that Call of the Calendar, resulting

in a waste of time for all those who were present – including opposing counsel, the court reporter, the courtroom deputy, and the judge. Following Mr. Salazar's non-appearance, the Court by written letter asked Mr. Salazar to explain why he failed to appear and why Mr. Salazar filed a late motion to continue. The Court set aside time out of its busy schedule for Mr. Salazar to visit chambers and hear his account of events. The Court imposed no penalty against Mr. Salazar at that time, but stressed to him the importance and significance of attending scheduled appearances.

That admonition was unsuccessful. One June 4, 2018 the Court set its second Call of the Calendar on June 28, 2018. Once again opposing counsel was present, as was the Court and its staff. Mr. Salazar, however, was not present. This being Mr. Salazar's second failure to appear, the Court *sua sponte* set a show cause hearing on July 3, 2018 to determine why Mr. Salazar missed his scheduled appearance, and transmitted a copy of its show cause order to Mr. Woolweber. Mr. Salazar appeared at the hearing, as did opposing counsel. At the hearing, Mr. Salazar explained that his new or temporary staff members were unfamiliar with the Court's electronic filing system and were not properly calendaring Mr. Salazar's appointments in federal court. But Mr. Salazar correctly recognized that attending his scheduled hearings is ultimately his responsibility.

After hearing Mr. Salazar's rendering of events and soliciting input from opposing counsel, the Court imposed a $600 fine on Mr. Salazar. That amount was arrived at by calculating Mr. Salazar's hourly fee of $150 dollars multiplied by four hours – roughly the cost of delay to the Court by time wasted in the courtroom and time spent monitoring Mr. Salazar's behavior, including holding the show cause hearing and receiving Mr. Salazar in chambers. Simply put, the Court cannot operate in an effective manner if counsel does not appear to

scheduled hearings. Mr. Salazar failed to adhere to the Court's first admonition to monitor his appointments. In light of that failure, the Court believes that at this stage imposition of a $600 fine represents "the least extreme sanction reasonably calculated to achieve the appropriate punitive and deterrent purposes," *Kouri-Perez*, 187 F.3d at 8, which in this instance is to maintain the dignity of the Court and respect for all persons present and to timely administer justice.

**IT IS THEREFORE ORDERED** that Attorney Daniel M. Salazar is to pay a $600 fine within 30 days of entry of this Memorandum Opinion Order payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102. The fine shall be applied to the Federal Bench and Bar fund.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE