IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                        16-CR-4008 JCH

PAUL WOLLWEBER,

    Defendant.

## ORDER

THIS MATTER comes before the Court on the Government's Sealed Motion to Disqualify Defense Counsel. (Doc. 88). By an Order of Reference (Doc. 100), the presiding judge referred the issue raised by the United States in its motion of whether Mr. Salazar should be disqualified from representing Mr. Wollweber based on his purported violation of the Rules of Professional Conduct and whether his own self-interest in avoiding allegations of unethical conduct create an actual or potential conflict of interest that will compromise his representation of Mr. Wollweber. The Court held a hearing on October 2, 2018. Having heard from the parties and counsel, reviewed the parties' submissions, the relevant law, the recently filed motions *in limine* (Docs. 119, 121), Mr. Wollweber's written Waiver of Conflict of Interest and Potential Conflict of Interest (Doc. 122), and being otherwise fully advised, the Court concludes that the motion is not well taken, and is DENIED.

The Sixth Amendment to the Constitution guarantees a defendant who does not require appointed counsel the right to choose who will represent him. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). The Sixth Amendment to the Constitution also entitles a defendant in a criminal case to representation that is free from conflicts of interest. *United States v. Gallegos*, 108 F.3d 1272, 1280 (10th Cir. 1997). "It is well settled that a defendant may waive his right to

conflict-free counsel" provided that such waiver is knowing and voluntary. *United States v. Gallegos*, 108 F.3d 1272, 1281 (10th Cir. 1997) ("The waiver of a constitutional right must not only be voluntary, but must be a knowing, intelligent act done with sufficient awareness of the relevant circumstances and likely consequences."). "Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them[,]" "where a court justifiably finds an actual conflict of interest . . . it may decline a proffer of waiver[.]" *Wheat v. United States*, 486 U.S. 153, 160, 162 (1988).

A conflict of interest may be "actual" or "potential." "An actual conflict for Sixth Amendment purposes is a conflict of interest that adversely affects counsel's performance." *Mickens v. Taylor*, 535 U.S. 162, 172 n.5 (2002). Such a conflict exists if "a specific and seemingly valid or genuine alternative strategy or tactic was available to defense counsel, but it was inherently in conflict with his duties to others *or his own personal interests*." *United States v. Bowie*, 892 F.2d 1494, 1500 (10th Cir. 1990) (emphasis added). "An attorney has a potential conflict of interest if the interests of the defendant may place the attorney under inconsistent duties at some time in the future." *United States v. Perez*, 325 F.3d 115, 125 (2d Cir. 2003). Based on the evidence before it, the Court cannot, and does not find, that Mr. Salazar has been operating under an actual non-waivable conflict of interest. Both the Court and appointed conflict counsel, Mr. Jerry Walz, have discussed with Mr. Wollweber the relevant circumstances in which Mr. Salazar's potential conflict of interest could ripen into an actual conflict of interest, and the likely consequences of such an actual conflict. Being fully informed in the circumstances of his case and of Mr. Salazar's conduct as his counsel, Mr. Wollweber has expressed both in open court and in his written waiver, an understanding of the scope of alleged actual and potential conflicts and his continued and

unwavering wish to have Mr. Salazar remain as his counsel of choice. Mr. Wollweber, at the October 2, 2018, hearing, and in his written waiver, has made an intelligent, informed, knowing and voluntary waiver of alleged actual and potential conflicts of interest. After careful consideration of the circumstances, the Court accepts Mr. Wollweber's knowing and voluntary waiver.

"[M]otions to disqualify are governed by the ethical rules announced by the national profession and considered "in light of the public interest and the litigants' rights. *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994). Where a motion to disqualify is premised on a violation of the ethical rules that bind an attorney,

> [t]he court should disqualify an attorney only when it determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule. It should consider the ends that the disciplinary rule is designed to serve and any countervailing policies, such as permitting a litigant to retain the counsel of his choice and enabling attorneys to practice without excessive restrictions.

*United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980); *see Rubio v. BNSF Ry. Co.*, 548 F.Supp.2d 1220, 1223-24 (D.N.M. 2008) ("[D]isqualification should be ordered if it will serve the purposes behind the ethical rule in question"; this inquiry "requires balancing society's interest in ethical conduct, litigants right to choose their counsel, and the hardship that disqualification would impose on the parties and the entire judicial process.").

As of October 2, 2018, the Government had not reported Mr. Salazar's purported ethical violations to the New Mexico Disciplinary Board, and the Court determined that the record was insufficient to conclusively establish that Mr. Salazar violated the Rules of Professional Conduct. Although Mr. Salazar's unprofessional and dilatory conduct in this case may warrant additional

sanctions down the road,[1] the Court declines to conduct further inquiry to enable it to determine definitively at this time whether Mr. Salazar violated the Rules of Professional Conduct, because even were the Court to assume that he did, those violations under the totality of circumstances in this case would not lead the Court to impose the extreme sanction the Government seeks here. The Court has carefully considered the alleged ethical violations; the New Mexico Rules of Professional Conduct; the impact of Mr. Salazar's conduct on Mr. Wollweber, the witness, and the Government; the asserted actual and potential conflict of interest; and numerous circumstances in which a potential conflict could ripen into an actual conflict leading up to and during trial. The Court has also considered the ends that the applicable disciplinary rules are designed to serve and whether they are best met with disqualification of Mr. Salazar as Mr. Wollweber's counsel. Considering the totality of circumstances in this case, and balancing society's interest in ethical conduct, Mr. Wollweber's constitutional rights, including his right to choose his counsel, and the hardship that disqualification would impose on Mr. Wollweber at this juncture, the Court finds that disqualification of Mr. Salazar is not an appropriate means of enforcing the applicable Rules of Professional conduct here and does not otherwise serve the ends of justice. For these, and the reasons stated on the record at the hearing on October 2, 2018, the Government's motion is DENIED.

    **IT IS SO ORDERED.**

                                                             */s/ Kirtan Khalsa*
                                                             **KIRTAN KHALSA**
                                                              **United States Magistrate Judge**

---

[1] Further inquiry into Mr. Salazar's purported ethical violations, if any, is appropriately the purview of the New Mexico Disciplinary Board.