# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                              No. 1-16-cr-04008-JCH-1

PAUL WOLLWEBER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the United States' Motion *in Limine* for Pre-Trial Determination of Indian Country Land Status [ECF No. 54]; the United States' Motion *in Limine* for Order of Pretrial Ruling of Admissibility [ECF No. 61]; and Defendant's Notice to Court of Joinder and or Withdrawal of Enumerated Motions Pursuant to the Court's April 9, 2019 Order (Doc. #152) ("Notice") [ECF No. 158].

## I.  EVIDENTIARY STANDARDS

### i.  Rules 401 and 402

Fed. R. Evid. 401 provides that evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401(a) and (b). "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

### ii.  Rule 403

Fed. R. Evid. 403 also permits a court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### iii. Rules 801, 802 and 803

Fed. R. Evid. 802 excludes statements that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Excepted from the rule against hearsay is "a record of an act, event, condition, opinion, or diagnosis if:"

> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

### iv. Rule 901

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).

## II. UNITED STATES' MOTION *IN LIMINE* FOR PRE-TRIAL DETERMINATION OF INDIAN COUNTRY LAND STATUS [ECF NO. 54]

Citing the Tenth Circuit's statement that "as a general matter, the trial court decides the jurisdictional status of a particular property or area and then leaves to the jury the factual determination of whether the alleged crime occurred," *United States v. Roberts*, 185 F.3d 1125, 1140 (10th Cir. 1999), the United States moved the Court to determine as a matter of law that the land on which the alleged crime occurred in the Superseding Indictment is Indian Country for purposes of federal criminal jurisdiction under 18 U.S.C. §§ 1151 and 1153. In support, the United

States attached a Certification of Parcel in Restricted Fee Trust Status from the Bureau of Indian Affairs Division Manager of Land and Title Records certifying that the Acoma Detention Center is on Restricted Fee Trust Status and that the land is administered by the Bureau of Indian Affairs, along with aerial renditions of the Acoma Detention Center's topographical location.

In his Notice, Defendant stipulated to the motion being granted, "unless the government … simply fails to offer the stipulation prior to jeopardy attaching and or prior to the conclusion of the government's case-in-chief." Noting Defendant's stipulation, the Court grants the motion. The Court will instruct the jury that the area of land on which the alleged crime occurred is located within the exterior boundaries of the Pueblo of Acoma and is Indian Country as defined under federal law, leaving for the jury the factual determination of whether the alleged crime occurred. *See Roberts*, 185 F.3d at 1140 ("[T]he district court can find, as a matter of law, a geographic area or particular location is Indian Country, and then instruct the jury to determine factually whether the offense occurred there.").

## III.   UNITED STATES' MOTION FOR ORDER OF PRETRIAL RULING OF ADMISSIBILITY [ECF NO. 61]

The United States seeks an advance ruling to admit four categories of evidentiary material at trial: (1) photographs taken by Federal Bureau of Investigation Special Agent Chavez took of the alleged victim, Jane Doe, at the Acoma Detention Center where she was held and photographs of the jail cell; (2) a Certificate of Tribal Enrollment certifying that Defendant is an enrolled member of the Pueblo of Acoma; (3) business records from the Acoma Detention Center, including officer security check logs, work schedules, and a map of the detention center that depicts the building's internal layout; (4) statements by another inmate, D.M., to an on-duty female officer that Jane Doe wanted to speak with the officer and that Jane Doe "wanted to move to the dayroom

3

because she was scared and uncomfortable with being alone with [Defendant]." United States' Mot. at 3.[1]

Defendant stipulated to the admissibility of the Certificate of Tribal Enrollment. The Court therefore grants that portion of the United States' motion and permits the United States to admit Defendant's certificate of Tribal Enrollment as documentary evidence of Indian status. Defendant did not object to the United States' request for the Court to take judicial notice that the Pueblo of Acoma was a federally recognized Indian tribe at the time the alleged crime occurred. Accordingly, the Court determines as a matter of law that the Pueblo of Acoma was a federally recognized Indian tribe at the time the alleged incident occurred.

The Court now turns to Defendant's objections to categories one, three, and four – evidence of photographs, business records, and alleged statements to a detention officer.

i. **Photographs**

The United States' witness Special Agent Chavez photographed Jane Doe as part of his initial investigation of her complaint in 2015 and the jail cell that she was housed in. In June 2018, in anticipation of trial, Chavez took additional photographs of the Acoma Detention Center. The United States contends that the photographs are relevant because they depict Jane Doe two-days after the alleged crime, and that the photographs of the jail cell will provide context to the jury of the alleged crime scene. Defendant objects to admission of the photographs.

Defendant's objection requires the Court to examine the authentication requirements of Fed. R. Evid. 901(a) as well as the relevancy requirements of Fed. R. Evid. 402 and 403. *See BNSF Ry. Co. v. LaFarge Sw., Inc.*, No. CIV. 06-1076 MCA/LFG, 2009 WL 4279862, at *1 (D.N.M.

---

[1] The United States also renewed its motion for admission of the Certification of Parcel in Restricted Fee Trust Status and topographic maps of Acoma Detention Center to prove the land status as Indian Country. The Court's ruling on ECF No. 54 disposes of this request.

Feb. 15, 2009). "As a general rule, tangible evidence such as photographs must be properly identified or authenticated before being admitted into evidence at trial." *Id.* (quoting *United States v. Blackwell,* 694 F.2d 1325, 1329-30 (D.C. Cir. 1982)). "Authentication and identification are specialized aspects of relevancy that are necessary conditions precedent to admissibility." *Id.* (citations admitted).

The Court reserves ruling on the admissibility of the photographs until a witness authenticates them. *See id.* ("To be properly identified and authenticated, there must be competent evidence from which to draw a reasonable inference that the photograph accurately depicts the scene it purports to represent.") (quoting *United States v. Lawson,* 494 F.3d 1046, 1052 (D.C. Cir. 2007)). Under Fed. R. Evid. 901(b)(1) photographs are admissible if an authenticating witness has personal knowledge of facts represented at the scene or objects photographed. *See Larson*, 494 F.3d at 1052. If the United States produces an authenticating witness, the Court will admit the photographs into evidence for the additional reason that they are relevant. They capture Jane Doe's physical condition shortly after the alleged crime occurred and will be probative of any claim by Defendant that he never touched her. Photographs of the alleged crime scene will also provide the jury context.

### ii. Detention Officer Security Check Logs, Work Schedules, and Jail Map

As part of this case, the United States obtained detention officer security check logs for August 29 -30, 2015, officer work schedules for the period of August 23 -29, 2015, and a map depicting the Acoma Detention Center's layout. In its motion, the United States failed to articulate the evidentiary purpose of the security check logs and work schedules. Rather, it only explained that these documents were made during a regularly conducted business activity, thereby qualifying them for admission as an exception to the rule against hearsay under Fed. R. Evid. 803(6). As for

the fire exit route map, the United States explained that it intends to introduce the map as a visual aid for the jury and that the map is also admissible under Rule 803(6). Defendant objected to the evidence but provided no legal analysis.

To satisfy the business records exception, a record "must (1) have been prepared in the normal course of business; (2) have been made at or near the time of the events recorded; (3) be based on the personal knowledge of the entrant or of a person who had a business duty to transmit the information to the entrant; and (4) indicate the sources, methods and circumstances by which the record was made were trustworthy." *United States v. Blechman*, 657 F.3d 1052, 1065 (10th Cir. 2011). Here, the Court cannot meaningfully evaluate these factors. The logs and map are not in the evidentiary record. There is no testimony from a person with personal knowledge. The United States did not even identify the purported hearsay statements or discuss their probative value. In short, the Court has no information about the records to determine if they are admissible under the business records exception. The Court will reserve ruling on the admissibility of these documents until the United States provides the proper foundation for their admissibility at trial.

### iii. D.M.'s Statements to Officer Vallo

Detention Officer Darnella Vallo wrote in an incident report on August 30, 2015, that a female co-inmate, D.M., told her that Jane Doe "wanted to move to the dayroom because she was scared and uncomfortable with being alone with [Defendant]." According to Vallo's report, Vallo asked Doe if wanted to speak with her, but Doe responded with "nothing," and "nevermind." Later, as Vallo conducted security checks, Doe came to the window of her cell and indicated to Vallo that she wanted to speak with her.

The United States contends that D.M.'s statements to Vallo are admissible non-hearsay because they are not offered for their truth – *i.e.* that Doe was scared of being alone with Defendant

6

and wanted to be moved – but because D.M.'s statements showed the effect the statements had on Vallo and why she took action. *See* Govt.'s Mot. at 8 (citing, *inter alia*, *United States v. Freeman*, 816 F.2d 558, 563 (10th Cir. 1987) ("out of court statements are not hearsay when offered for the limited purpose of explaining why a Government investigation was undertaken.")). The United States also believes that D.M.'s statements to Vallo provide "background" that will help the jury understand the timeline of events. Defendant objected to the admission of D.M.'s statements.

In *Freeman*, the case cited by the United States, a federal agent testified that he received a tip from an informant that two other people planned to meet with an unknown white male for the purpose of passing counterfeit money. *Freeman,* 816 F.2d at 563. He also explained that a local city police officer told him the police officer had reliable information about counterfeiters. *Id*. The court upheld the admission of the out-of-court statements "to explain preparations and steps in the Government's investigation of Freeman," and why agents surveilled the defendant in the first place. *Id*. at 563. The Tenth Circuit has explained that "one useful clue" in distinguishing inadmissible hearsay from admissible background information is "whether the purported background evidence is necessary for the government to be able to tell a coherent story about its investigation." *United States v. Hinson*, 585 F.3d 1328, 1337 (10th Cir. 2009). "Where the government introduces evidence that bears on the ultimate issue in a case but that is not necessary to explain the background of a police investigation, the only reasonable conclusion we can reach is that the evidence was offered, not as background, but as support for the government's case." *Id.*

Here, the statement in Vallo's report from D.M. that Jane Doe "wanted to move to the dayroom because she was scared and uncomfortable with being alone with [Defendant]," is not relevant for anything other than its truth, despite the United States' characterization of the statement as establishing why Vallo "took action" or for "background." Why Vallo acted is of no

7

consequence. The issue at trial will be whether Defendant sexually abused Jane Doe. Background on Vallo's actions will not assist the jury in making this determination. The statement from D.M. – who does not appear on the United States' previous witness list and cannot be cross-examined – would impermissibly bolster the United States' case with evidence suggestive of guilt. *See United States v. Cass*, 127 F.3d 1218, 1223–24 (10th Cir. 1997) ("error to admit out-of-court statements as 'background' where statements implicated defendant in charged crime and 'effect of the evidence could only have been a substantial bolstering of the government's case by inadmissible hearsay.'") (quoting *United States v. Brown,* 767 F.2d 1078, 1084 (4th Cir.1985)); *United States v. Hinson*, 585 F.3d 1328, 1337 (10th Cir. 2009) (noting that the Tenth Circuit has reversed district courts for admitting out-of-court statements that went "to precisely the issue the government was required to prove."). Because D.M.'s statements are more prejudicial than probative, and because the United States has failed to why Vallo's investigatory motives are relevant, D.M.'s hearsay statements are excluded from trial.

IV. **CONCLUSION**

**IT IS THEREFORE ORDERED that** the pending motions are disposed of as follows:

1. The United States' Motion *in Limine* for Pre-Trial Determination of Indian Country Land Status **[ECF No. 54]** is **GRANTED**;

2. The United States' Motion for Order of Pretrial Ruling of Admissibility **[ECF No. 61]** is **GRANTED** in part and **DENIED** in part as follows:

    - The United States' request to admit Defendant's certificate of Tribal Enrollment as documentary evidence of Indian status and for the Court to take judicial notice that the Pueblo of Acoma is a federally recognized Indian tribe is **GRANTED**;

- The Court **RESERVES RULING** on the admissibility of the photographs, security check logs, officer work schedules, and map of the Acoma Detention Center;

- The United States' request to admit D.M.'s statements is **DENIED**.

**IT IS SO ORDERED**.

_____
JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE